<u>**NOT FOR PUBLICATION**</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MICHAEL P. MCDANIEL, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 03-4740 (MLC) |
| | : | |
| EDWARD J. TURNBACH, et al., | : | **MEMORANDUM OPINION** |
| | : | |
| Defendants. | : | |

<u>**COOPER, District Judge**</u>

Plaintiff <u>pro se</u>, Michael P. McDaniel, currently an inmate at New Jersey State Prison, seeks to bring this action pursuant to 42 U.S.C. § ("Section") 1983.  Based on plaintiff's affidavit of indigence and trust account statement, the Court will (1) grant his application to proceed <u>in forma pauperis</u> pursuant to 28 U.S.C. § 1915(a) and (2) order the Clerk of the Court to file the complaint without prepayment of fees.

The Court at this time must review the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted.  The Court, for the reasons stated herein, will dismiss the complaint for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

## PLAINTIFF'S ALLEGATIONS

The Court, for purposes of screening the complaint, takes the allegations pled therein as true.  The complaint will be liberally construed because plaintiff is proceeding pro se.  See Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003).

Plaintiff, pursuant to Section 1983, asserts violations of his constitutional rights arising from his criminal prosecution. The named defendants are Judges Edward J. Turnbach and Peter J. Giovine of New Jersey Superior Court, Ocean County. (Compl. at ¶ 4.) Plaintiff alleges that Judges Turnbach and Giovine denied him equal protection and immunities guaranteed by the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution. (Id. at ¶ 2.)

Plaintiff was charged with two separate counts of second-degree robbery, under N.J.S.A. § 2C:15-1, on September 6, 2000 under indictment number 00-09-1131 ("first indictment") and on October 4, 2000 under indictment number 00-10-1252 ("second indictment"). (Id. at ¶¶ 9-10.)  Plaintiff's case was initially assigned to Judge Giovine. (Id. at ¶¶ 17, 18, 21.)  Plaintiff asserts that Judge Giovine declined to reduce his bail until he presented the court with evidence of his innocence. (Id. at ¶ 17.)  Plaintiff contends that his public defender at the time advised Judge Giovine that the surveillance tape of the scene of the crime did not show a robbery taking place. (Id.)  Plaintiff

claims that Judge Giovine then reduced his bail on the first indictment from $75,000 to $50,000.  (Id.)  Plaintiff contends that this reduced amount was excessive and that in arriving at that sum Judge Giovine violated plaintiff's Fourteenth Amendment right to equal protection by ignoring crucial evidence in his favor.  (Id.)  Plaintiff claims that Judge Giovine stated that he was denying plaintiff's request for a reduction in bail because plaintiff was guilty of the charges.  (Id. at ¶ 18.)  Plaintiff asserts that this statement was racially motivated and therefore violated his Fourteenth Amendment right to equal protection.[1] (Id.)  Plaintiff then filed a motion requesting that Judge Giovine recuse himself from plaintiff's case.  (Id. at ¶ 19.)

Judge Turnbach was then assigned plaintiff's case.  (Id. at ¶ 20.)  Plaintiff claims that Judge Turnbach declined to reduce his bail and as a result plaintiff had to remain incarcerated from the date of his arrest, on February 8, 2000, until he was sentenced.  (Id. at ¶¶ 11-12.)  Plaintiff asserts that during a plea hearing in which he was intending to enter a plea of guilty he changed his mind and exercised his right to a jury trial.  (Id. at ¶ 13.)  Plaintiff claims that Judge Turnbach, in violation of plaintiff's Fourteenth Amendment rights, then revoked his bail and remanded him to the custody of the county jail until his trial.  (Id.)

---

[1]  The New Jersey Department of Corrections offender database lists plaintiff's race and ethnicity as Hispanic. http://www.state.nj.us/corrections.  Plaintiff asserts that he is of African-American descent.  (Compl. at ¶ 24.)

3

Plaintiff alleges that Judge Turnbach presided over a two-day jury trial concerning the first indictment brought against plaintiff.  (Id. at ¶ 10.)  Plaintiff claims that he was convicted, with respect to the first indictment, by a jury on June 26, 2001.  (Id.)  Plaintiff alleges that Judge Turnbach denied his request that the surveillance video be released to his relative so that he could prove his innocence in violation of his Fourteenth Amendment rights.  (Id. at ¶ 25.)  Plaintiff also claims that Judge Turnbach failed to reprimand plaintiff's attorney for the attorney's misconduct, despite plaintiff's protestations.[2]  (Id. at ¶ 34.)  Plaintiff contends that Judge Turnbach closed the courtroom to the public, including plaintiff's family, in

---

[2]     Plaintiff's public defender at trial was Robert J. Konzelman.  (Compl. at ¶ 29.)  Plaintiff alleges that he pled guilty after being "unlawfully persuaded by his attorney" to do so.  (Id. at ¶ 9.)  Plaintiff also accuses his attorney of failing to "justly and equally" represent him. (Id.)  Konzelman is not a named defendant in this action.  We, therefore, will not consider any allegations made by plaintiff against him.
Assuming arguendo that Konzelman was a named defendant, plaintiff's claim under Section 1983 against his attorney would not be cognizable.  Plaintiff's assertion that his assigned attorney violated his constitutional right to the effective assistance of counsel would fail because defense counsel was not acting under color of state law.   "[T]he under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999).  A private attorney does not act under color of state law when he performs a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.  Polk County v. Dodson, 454 U.S. 312, 325 (1981) (public defender is not acting under color of state law when he represents a criminal defendant); Black v. Bayer, 672 F.2d 309, 314 (3d Cir. 1982) (private attorney representing criminal defendant under court appointment and paid by the state is not acting under color of state law).

violation of his Fourteenth Amendment rights.  (Id.)

Plaintiff further claims that during deliberations the jury asked the court: "Whether or not force must be directed at a person for a conviction of robbery?"  (Id. at ¶ 35.)  Plaintiff asserts that Judge Turnbach responded to this question with a "10-minute speech on how every way the state did in fact prove it was robbery" and stated that "the [C]ourt [was] satisfied with the [State's] evidence and contentions."  (Id.)  Plaintiff contends that this "speech" improperly prejudiced the jury and constitutes a violation of the Code of Judicial Conduct and a violation of plaintiff's Fourteenth Amendment rights.  (Id.)  Plaintiff asserts that Judges Turnbach and Giovine conspired with plaintiff's attorney to intentionally discriminate against him and "interfere with [his] civil rights."  (Id. at ¶¶ 31, 39.)

Plaintiff alleges that he pled guilty to the second indictment after his conviction because he was under stress, feared going to prison for life, and lacked an understanding of the nature of the charge or the consequences of his plea.  (Id. at ¶ 9.)  Plaintiff alleges that Judge Turnbach accepted his plea despite knowing that he did not understand his constitutional rights.  (Id.)  Plaintiff contends that on August 9, 2001, the day of his sentencing, he "refused to go to the court to be sentenced, so defendant Judge Turnbach informed [a sergeant at the Ocean County Jail] to use excessive force, spray plaintiff with chemical maze [sic] or any means[,] or any means necessary to get plaintiff

into the courtroom." (<u>Id.</u> at ¶ 15.) Plaintiff asserts that these instructions violated his constitutional rights. (<u>Id.</u>) He also alleges that Judge Turnbach failed to afford him a "Graves Act" hearing pursuant to N.J.S.A. § 2C:43-6(d) before imposing a mandatory sentence. (<u>Id.</u> at ¶ 8.) Plaintiff claims that Judge Turnbach improperly refused his requests that his guilty plea be vacated in violation of his constitutional rights. (<u>Id.</u> at ¶ 38.)

Plaintiff seeks equitable relief and asks the court to consider the following issues: (a) his extended term sentence; (b) whether he is an habitual criminal; (c) whether his conviction was obtained by an unlawful, involuntarily induced guilty plea; and (d) whether the defendants' actions of allowing tainted evidence into the record were arbitrary and capricious and motivated by discriminatory racial bias. (<u>Id.</u> at ¶ 40.)

## **DISCUSSION**

I.   <u>Legal Standard</u>

The <u>in forma pauperis</u> statute requires the Court to review a complaint in a civil action in which a prisoner seeks redress against a government employee or agency. <u>See</u> 28 U.S.C. § 1915A(a). The statute requires the Court to review the complaint to identify cognizable claims and to summarily dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. <u>See id.</u> at § 1915A(b).

6

A claim is frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A court may dismiss a claim as factually frivolous if "the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional." Denton v. Hernandez, 504 U.S. 25, 33 (1992) (citations and quotations omitted). A court may dismiss a complaint for failure to state a claim "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002).

II.  Analysis

As plaintiff seeks relief under Section 1983, his complaint will only survive this screening phase if it properly alleges violations of that statute.

Section 1983 states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity or other proper proceeding for redress.

42 U.S.C. § 1983.  "By its own terms, the statute does not create substantive rights.  Instead, it only provides remedies for deprivations of rights established elsewhere in the Constitution or federal laws."  Brown v. Pa. Dep't of Health Emerg. Med. Servs. Training Inst., 318 F.3d 473, 477 (3d Cir. 2003).  To

7

state a claim upon which relief can be granted plaintiff, therefore, must allege that defendants, "act[ing] under color of state law," deprived him of rights guaranteed by the Constitution or federal law. <u>Dennison v. Pa. Dep't of Corr.</u>, 268 F.Supp.2d 387, 396 (M.D. Pa. 2003).

A prisoner's request for equitable relief releasing him from custody is not cognizable under Section 1983. <u>See</u> <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 489 (1973). "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." <u>Preiser</u>, 411 U.S. at 500.[3] Plaintiff, here, seeks equitable relief and effectively challenges the legality of his conviction and duration of his imprisonment. We, therefore, hold that to the extent that plaintiff seeks such relief his claim is not cognizable under Section 1983.

Plaintiff's claims, moreover, are not cognizable under Section 1983 to the extent that he seeks damages and equitable relief for alleged unconstitutional acts committed by Judges

---

[3] <u>See also</u> <u>Coady v. Vaughn</u>, 251 F.3d 480 (3d Cir. 2001) (state prisoner's challenge to denial of parole or challenge to the legality of continued state custody must be brought under Section 2254 which requires the exhaustion of state court remedies); <u>Brown v. Fauver</u>, 819 F.2d 395 (3d Cir. 1987)(inmate's civil rights action seeking restoration of good time credits was in essence an action seeking habeas corpus relief which is not cognizable under Section 1983).

Turnbach and Giovine that resulted in his conviction and
imprisonment.  See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).
The Supreme Court held in Heck that an action under Section 1983
seeking "damages for allegedly unconstitutional conviction or
imprisonment, or for other harm caused by actions whose
unlawfulness would render a conviction or sentence invalid" is
not cognizable under Section 1983 unless "the conviction or
sentence has been reversed on direct appeal, expunged by
executive order, declared invalid by a state tribunal authorized
to make such determination, or called into question by a federal
court's issuance of a writ of habeas corpus." Heck, 512 U.S. at
486-87.  As the United States Supreme Court recently explained,

> a state prisoner's Section 1983 action is barred
> (absent prior invalidation) — no matter the relief
> sought (damages or equitable relief), no matter the
> target of the prisoner's suit (state conduct leading to
> conviction or internal prison proceedings) — if success
> in that action would necessarily demonstrate the
> invalidity of confinement or its duration.

Wilkinson v. Dotson, 125 S.Ct. 1242, 1248 (2005) (emphasis in
original); accord Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir.
2002).  Plaintiff seeks relief that calls into question the
validity of his conviction and confinement — alleging that his
conviction and sentence are unconstitutional.  We, therefore,
hold that plaintiff's claims are not cognizable under Section
1983.

Plaintiff's claims, to the extent that he seeks monetary
damages from Judges Turnbach and Giovine, also are not cognizable

9

under Section 1983 because both judges are protected by absolute immunity. "[J]udges . . . are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." Figueroa v. Blackburn, 208 F.3d 435, 440 (3d Cir. 2000). "Factors which determine whether an act is a 'judicial act' relate to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectation of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." Id. at 443 (citation and quotations omitted). The alleged unconstitutional acts of Judges Turnbach and Giovine — the setting of bail, presiding over a trial, considering evidentiary motions, accepting defendant's guilty plea, and sentencing — constitute judicial acts that are absolutely protected from liability for damages under Section 1983. We, therefore, hold that all claims against Judges Turnbach and Giovine will be dismissed pursuant to 28 U.S.C. § 1915A(b)(2).

## CONCLUSION

Plaintiff brings a Section 1983 action, and seeks to proceed in forma pauperis.  The Court will grant in forma pauperis status and direct the Clerk of the Court to file the complaint. Exercising our screening function pursuant to Sections 1915(e)(2) and 1915A, we will dismiss the complaint insofar as it alleges causes of action against all named defendants.


   s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge